THE STATE v. MIKE SCHROETTER, Appellant.— 297 S. W. 368.

Division Two, June 23, 1927.

**1. INFORMATION: Charging Offense in Two Counts.** An objection that the information consists of two counts, each charging the same offense and each requiring the same proof to sustain a conviction, is not tenable, where defendant was convicted only upon one count.

2. **ASSIGNMENTS: Act of 1925.** Assignments of error in the motion for a new trial which do not comply with new Section 4079, Laws 1925, page 198, cannot be considered on appeal.

3. **EVIDENCE: Substantial: Sufficiency: Province of Jury.** If there is substantial evidence of defendant's guilt of the charge of selling intoxicating liquor, this court will not hold that it is not sufficient to sustain a conviction. In the presence of proof legally required to be shown to sustain a verdict, this court will not weigh its credibility, but it is the province of the jury to weigh the evidence, and in order for this court to interfere with their verdict finding the defendant guilty it must appear that there is a total failure of evidence or that it is of such a nature that the necessary inference is that the verdict is the result of passion, prejudice or partiality.

4. ———: **Leading Question: Objection after Answer.** An objection that a question is leading, made after the question is answered, comes too late.

5. ———: ———: **Irrelevant.** Refusal to sustain an objection to the admission of evidence relating to wholly irrelevant matter is not reversible error. Nor is the point reviewable in the absence of any objection to its admission.

6. ———: **Other Offenses: Handing Docket to Jury.** In the trial of a defendant charged with the sale of intoxicating liquor the handing to the jury by the prosecuting attorney of the court docket showing other cases pending against defendant for violating the prohibition statute is an ill-advised act, but it is not reversible error where no objection is made or exception saved to the act, and is harmless where defendant had admitted that he had been guilty of prior violations of the statute.

7. **JURY: Manner of Selection: Review.** An assignment in the motion for a new trial that the jury were not selected in the manner required by the statute and that this information has come to defendant since the trial is too general, and therefore not for review in the appellate court, and particularly so where there is no evidence to support this allegation of fact. Motions for new trials do prove themselves.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 2195, p. 874, n. 3; Section 2743, p. 1225, n. 94; 17 C. J., Section 3331, p. 56, n. 16; Section 3332, p. 62, n. 94; Section 3475, p. 181, n. 38; Section 3593, p. 256, n. 67; Section 3638, p. 298, n. 22. Indictments and Informations, 31 C. J., Section 339, p. 777, n. 84. Intoxicating Liquors, 33 C. J., Section 544, p. 789, n. 94.

Appeal from Barry Circuit Court.—*Hon. Charles L. Henson,* Judge.

AFFIRMED.

*Smith & Medlin* for appellant.

The verdict is based upon suspicion. State v. Ferrell, 248 S. W. 979; State v. Rutledge, 262 S. W. 718; State v. Counts, 234 Mo. 580. Circumstantial evidence must go beyond mere suspicion and conjecture and that circumstances tending to show guilt must be consistent, the one with the other and point so strongly to the guilt of defendant as to exclude every other reasonable hypothesis except that of guilt.

There was no evidence to show that the defendant's wife was present, although she was charged in the justice court jointly with him, and the prosecuting witnesses testified at the trial of this case that she was not the woman at the place where they purchased whiskey. State v. Casey, 247 S. W. 114; State v. Bowman, 294 Mo. 245.

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

(1) The appellant does not make any point against the information. It is in an approved form. State v. Dalton, 289 S. W. 569. There are two counts in the information, but both counts refer to the same transaction. The instructions refer to only one count. The evident purpose of the pleader was to charge in different ways in separate counts in order to meet any form the proof might take. This is proper. State v. Link, 286 S. W. 13. (2) If there was any substantial evidence this court will not disturb the verdict of the jury. That there was substantial evidence is shown by the testimony of three witnesses. State v. Concelia, 250 Mo. 424; State v. Field, 262 Mo. 164; State v. Renfro, 279 S. W. 704; State v. Maurer, 255 Mo. 168. (3) The inspection of a court docket by one of the jurors would not disqualify him. In the second place, the defendant, in his testimony, admitted that he had been previously convicted on a charge of possessing intoxicating liquor; consequently, the fact that there may have been on the docket another case against the defendant, could not be prejudicial to him, because he had already admitted to a prior conviction. State v. Jewell, 90 Mo. 467; State v. Foster, 115 Mo. 451.

WALKER, J.—The appellant was charged by information in two counts in the Circuit Court of Barry County with the sale of intoxicating liquor, viz., hootch, moonshine and corn whiskey. Tried to a jury he was found guilty under the first count and his punishment assessed at a fine of $500 and twelve months' imprisonment in the county jail.

The testimony of the witnesses for the State was to the effect that two of them went to the residence of the appellant at about dark, July 25, 1925, and bought from him and his wife one quart of corn whiskey, for which they paid the appellant $2. While testifying with evident reluctance they stated that "they believed the appellant then on trial was the man from whom they bought the liquor." On cross-examination counsel for the appellant conceded that the witnesses who made the purchase were at the appellant's house by asking them "what direction they were going when they came to Schroetter's home." Their answers to this inquiry corresponded with the testi-

mony of witnesses who had resided in the neighborhood for forty years as to the course to be pursued to reach the appellant's residence.

The appellant denied that he sold the liquor, and interposed testimony to sustain an alibi by stating that on the 25th day of July, 1925, he and his wife were in Pierce City and did not return until nine o'clock that night. In this he is corroborated by his wife and a neighbor, the latter stating that he accompanied the appellant to Pierce City. The jury did not believe this testimony.

I.  No tenable objection can be urged to the information. That it consists of two counts, each a felony, charging the same offense and requiring the same proof to sustain a conviction does not affect its validity. While a conviction can be upheld only upon one count, if proof be made which will meet the allegations of either it will suffice to sustain the verdict. The appellant, having been convicted upon the first count upon proof sufficient to sustain his conviction thereunder, he has no ground of complaint. [State v. Link, 286 S. W. (Mo.) 12, and cases.]

**Information.**

II.  Appellant's motion for a new trial contains fourteen assignments of error. We will consider only those which by a liberal construction of Section 4079, Revised Statutes 1919, as amended, Laws 1925, page 198, can be held to comply with the requirements of that statute.

**Sufficient Evidence.**

Eight of these assignments assail the sufficiency of the evidence to sustain the verdict. They may, therefore, be considered as one. The two witnesses who bought the liquor from the appellant and his wife testified with sufficient certainty to the purchase. This testimony, when considered in connection with the other incriminatory facts and circumstances in the case, cannot be held to be otherwise than substantial in its nature, and as such sufficient to sustain the verdict. It is scarcely necessary in this connection to repeat what we have frequently held, that in the presence of proof of the existence of facts legally required to be shown to sustain a verdict, we will relegate the weight of the testimony to the jury, and that before we will interfere with their finding there must either be a total failure of evidence or it must be of such a nature that the necessary inference is that it is the result of passion, prejudice or partiality. [State v. Renfro, 279 S. W. (Mo.) 1. c. 704; State v. Field, 262 Mo. 1. c. 164; State v. Concelia, 250 Mo. 1. c. 424.]

III.  The appellant urges that the court erred in the admission of incompetent, etc., evidence on the part of the State over the objections of the appellant. Only two of these are entitled to

consideration on account of the failure of the appellant to properly preserve his objections to the others. Each of the
**Leading Question.** assignments to which the appellant objected was that the question asked was leading and in each case the objection was not made until after the question .had been answered and hence too late. [State v. Glazebrook, 242 S. W. (Mo.) 928; State v. Ferguson, 183 S. W. (Mo.) 336.]

Error is assigned in not sustaining the appellant's objection to the admission of testimony that after the witnesses who had purchased the liquor, were returning from the appellant's residence, they had a collision. This was wholly irrelevent matter and might well have been excluded on this ground.
**Irrelevant Matter.** However, the appellant has no cause for complaint because this testimony was admitted in the absence of any objection on his part.

IV.  Error is further assigned on account of the conduct of the prosecuting attorney, who is alleged, during the progress of the trial, to have handed a court docket to one of the jurors showing that other cases were pending against the appellant for violating the prohibition statute. No objection was made or exception saved to this alleged error and it is not for
**Conduct of Attorney.** our consideration. If it were necessary in disposing of this objection it might be added that the appellant had admitted that he had been guilty of prior violations of that statute and the otherwise ill-advised conduct of the prosecuting attorney was harmless.

In addition it is urged that the jury was not selected in the manner required by the statute and that this information has come to the appellant since the trial. This allegation of misconduct is too general and is therefore insufficient to challenge the attention of the trial court. Besides, this assignment con-
**Jury.** stitutes an allegation of fact and it does not prove itself. [State v. Miller, 144 Mo. l. c. 29; State v. Grant, 144 Mo. 66.] The acts of trial courts will not be reviewed upon unsupported allegations in the motion for a new trial. [State v. Jewell, 90 Mo. 467.]

V.  Objection is made to the remarks of the prosecuting attorney which was sustained by the court. Error is assigned, however, in the fact that the court refused to reprimand the attorney as demanded by the appellant. The remark complained of was that the prosecuting attorney had misstated the testimony of one
**Argument to Jury.** of the State's witnesses as to his having identified the location of the appellant's residence subsequent to the purchase of the liquor. The contention is that no testimony to this

effect was given. It is enough to say that in this respect the appellant is mistaken. Such testimony was given, and while the court was not in error in sustaining the objection to the remark by reason of the immateriality of the testimony, there was no occasion,• in protection of the appellant's rights, for a reprimand, and there is in this regard no cause of complaint.

No prejudicial error appearing the judgment should be affirmed. It is so ordered. *Blair,* and *White, JJ.,* concur in result.